IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                              3:03cr55/LAC
                                                                       3:06cv13/LAC/MD

BENNIE F. McCOMBS

**REPORT AND RECOMMENDATION**

      This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 and supporting memorandum of law (doc. 46).  The government has filed a response (doc. 48) and the defendant has filed a reply  (doc. 50).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I.  BACKGROUND**

      Defendant was charged in a single count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).  (Doc. 1).  Defendant, represented by Robert Dennis from the office of the Federal Public Defender, filed a motion to suppress evidence (doc. 12) and a hearing was held on July 2, 2003.  (Doc. 32).  After the government presented evidence at the hearing, the defendant withdrew his motion and entered a plea of guilty as charged.  (Doc. 32 at 16).  Defendant was sentenced on

October 14, 2003 to a term of 87 months imprisonment, three years of supervised release and a $100 special monetary assessment. (Doc. 23, 24, 33 at 24-25).

He appealed, claiming that the district court had erred by filing to advise him during his plea colloquy of (1) the $100 special monetary assessment, (2) the right to counsel at sentencing and (3) the right to testify and present evidence at trial, as required by Rule 11 of the Federal Rules of Criminal Procedure. (Doc. 43). The appellate court affirmed, finding that the district court had addressed the core concerns of Rule 11, so there was no plain error. The Supreme Court vacated the Eleventh Circuit's decision and remanded for further consideration in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). On September 22, 2005, the Eleventh Circuit reinstated its earlier decision affirming the conviction and sentence, finding that defendant had waived his *Booker* claim since his lawyer failed to raise it in his initial brief on appeal. (Doc. 45). The instant motion followed.

Defendant divides his motion into three grounds for relief. He claims that his sentence was illegal and unconstitutional, that he is actually innocent of the substantive offense, and that his sentence violated the provisions of Double Jeopardy. Each of these claims has its origin in the Supreme Court's decisions in *Booker* and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

The Eleventh Circuit already had the opportunity to review defendant's case in terms of *Blakely* and *Booker*, and found that these claims were procedurally barred for defendant's failure to raise the issue in his initial brief. (Doc. 45). Re-raising the claims here likewise will not afford him relief. A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn v. United States,* 365 F.3d 1225, 1234-35 (11th Cir. 2004); *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Absent

a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn,* 365 F.3d at 1234; *Bousley,* 118 S.Ct. at 1611 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel, which defendant does not raise in this case, can constitute cause. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). Defendant has not shown cause. And, his claim of "actual innocence," as will be discussed below, is without merit.

In his first claim, defendant argues that the enhancements used to calculate his sentence under the guidelines were determined by the district court under the preponderance of evidence standard, instead of by a jury. This claim is both procedurally barred and without merit. Defendant's argument here appears to be derived from the seminal case of *Apprendi v. New Jersey*,[1] in which the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. However, defendant's 87 month sentence did not exceed the prescribed statutory maximum of 120 months, and thus his argument is without merit.

In defendant's second claim he appears to maintain that he was "actually innocent" of the substantive offense. From the text of this claim it becomes clear that he does not actually mean that he was innocent of the charge for which he was convicted, but that his sentence was based on enhancements of which he was "innocent." Again, he complains that the enhancements used to determine the applicable guidelines range for his case were not decided upon by a jury, and cites to *Booker*. And again, this claim is procedurally

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

barred for his failure to properly raise it on appeal. Even if it were not, the Eleventh Circuit and other appellate courts have held that neither *Booker* nor *Blakely* applies retroactively to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 866-868 (11th Cir.), cert. denied, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005); see also *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) (holding that only the Supreme Court can make a new rule retroactive on collateral review, and that it must do so explicitly); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) ("Booker may not be applied retroactively to second or successive habeas petitions."); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) ("[W]e conclude that Booker's rule does not apply retroactively in collateral proceedings...."); *Green v. United States*, 397 F.3d 101, 103 (2nd Cir. 2005) (per curiam) ("[N]either *Booker* nor *Blakely [v. Washington*, 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),] apply retroactively to Green's collateral challenge."); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *Cirilo-Munoz v. United States,* 404 F.3d 527, 533 (1st Cir. 2005) (it is unlikely that the Supreme Court will adopt a retroactivity analysis that opens up to required reexamination practically all of the federal sentences imposed since the guidelines went into effect in 1987). Since *Blakely* and *Booker*'s effect on sentencing guidelines cases is not retroactive on collateral review, they are not applicable to this § 2255 motion, and defendant can not be entitled to relief on this ground.

      Finally, defendant claims that his sentence violated the constitutional prohibition against Double Jeopardy. As best the court can ascertain, the thrust of his argument appears to be that Double Jeopardy is violated when judicial fact-finding, rather than fact finding by a jury, increases the maximum penalty. The cases cited by the defendant are inapposite both to this argument and to the facts of the instant case. And, his sentence did not exceed the statutory maximum. There being no legal support for this claim, he is not entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 46) be DENIED.

At Pensacola, Florida, this 5th day of April, 2006.


/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).